UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80135-CIV-MARRA

RICHARD CLYDE ALTHOUSE,

    Plaintiff,

vs.

PALM BEACH COUNTY SHERIFF'S OFFICE,

    Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS

This cause is before the Court upon Defendant Palm Beach County Sheriff's Office ("PBCSO") Motion to Dismiss (DE 3). The matter has been fully briefed and is ripe for review.

## I. Background

Plaintiff, who is proceeding pro se, filed a Complaint in the Circuit Court of the 15th Judicial Circuit in and for West Palm Beach, Florida seeking declaratory and injunctive relief. See DE 1. The crux of the Complaint is that Plaintiff, who is not a prisoner, claims that the PBCSO's policy precluding inmates from receiving mail on anything other than a postcard violates his right to freedom of speech. Id. at ¶ 12. Plaintiff asserts that his rights are violated under the First and Fourteenth Amendments of the United States Constitution, as well as Article I, Section 4of the Florida Constitution. Id. at p. 6. On February 10, 2012, Defendant PBCSO removed this matter pursuant to 28 U.S.C. § 1441, asserting that this Court has original jurisdiction over cases brought pursuant to 42 U.S.C. § 1983.[1] Defendant subsequently moved to

---

[1] The Court notes that although Plaintiff did not explicitly reference section 1983 in his Complaint.

dismiss Plaintiff's Complaint.  DE 3.[1]

## II.  Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests."  The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss."  Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

---

[1] Defendant's Motion to Dismiss asserts that it is brought "pursuant to Rule 12 of the Federal Rules of Civil Procedure," but fails to specify which subsection of that Rule Defendant relies on as a basis for dismissal.  See DE 3 at 1.  For purposes of this Motion, the Court presumes that Defendant is moving pursuant to Rule 12(b)(6), "failure to state a claim upon which relief can be granted."

### III.  Discussion

Preliminarily, the Court rejects Defendant's assertion that "Plaintiff otherwise lacks standing as a free citizen, who is not incarcerated . . ., to challenge the constitutionality of the policy."  In Perry v. Secretary, Florida Department of Corrections, 664 F.3d 1359, 1363-64 (11th Cir. 2011), a case which Defendant brought to the Court's attention through a Notice of Filing Supplemental Authority (DE 9), the Eleventh Circuit held:

> As an initial matter, we address Perry's standing to bring her claims.  The district court properly held that Perry has a legally protected interest in correspondence sent to an inmate.  The Supreme Court held that both inmates and noninmates have a First Amendment interest in correspondence sent to one another. Procunier v. Martinez, 416 U.S. 396, 408–09 (1974), overruled on other grounds by Thornburgh v. Abbott, 490 U.S. 401 (1989).  Furthermore, Thornburgh held that publishers have a First Amendment right to access prisoners, 490 U.S. at 408, and defined publications to include materials "addressed to a specific inmate [such] as advertising brochures," id. at 404 n. 4 (quoting *1364 28 C.F.R. § 540.70(a)).  Because all of Appellants' mail has been banned by the FDOC, their interest as publishers in accessing prisoners has been harmed.

Accordingly, the Court concludes that Plaintiff does have standing to challenge PBCSO's post-card only policy.

The more complex question is whether Plaintiff has stated a claim upon which this Court can grant relief.  Defendant acknowledges that other courts have held that "the issue of the constitutionality of incoming postcard only inmate mail policies requires . . . a finding that the policy is reasonably related to legitimate penological interests."  Motion at 3 (citing Ditullio v. White, 10-294-CIV, DE 28 (M.D. Fla. 2010); Ditullio v. White, Case No. 10-294-CIV, DE 3 (M.D. Fla. 2010); Covell v. Arpaio, 662 F.Supp.2d 1146 (D. Ariz. 2009); Gieck v. Arpaio, 2008 WL 2604919 (D. Ariz. 2008); Gibbons v. Arpaio, 2008 WL 4447003 (D. Ariz. 2008)).

The Court concludes that dismissal is not warranted at this stage of the litigation.  At least

3

one court has determined that a challenge to a similar policy had enough merit to warrant the granting of a preliminary injunction.  See Martinez v. Maketa, 10-02242-CIV, DE 37 (D. Col. 2010).  Further, each decision relied on by Defendant from the District of Arizona involved a grant of a  motion for summary judgment that was supported by factual evidence.  See Covell v. Arpaio, 662 F.Supp.2d 1146 (D. Ariz. 2009); Gieck v. Arpaio, 2008 WL 2604919 (D. Ariz. 2008); Gibbons v. Arpaio, 2008 WL 4447003 (D. Ariz. 2008).  Ultimately, the Court concludes that whether a postcard only policy is "reasonably related to legitimate penological interests" is a question of fact that is not appropriate for resolution as a matter of law at the motion to dismiss stage.

## VI.  Conclusion

For all the aforementioned reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant Palm Beach County Sheriff's Office's Motion to Dismiss (DE 3) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 20th day of September, 2012.

_____
KENNETH A. MARRA
United States District Judge