UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

Case Number 12-80135-CIV-MARRA/MATTHEWMAN

RICHARD CLYDE ALTHOUSE,
Plaintiff,

v.

PALM BEACH COUNTY SHERIFF'S OFFICE,
Defendant.
_____/

FILED by _____ D.C.

NOV 06 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

OBJECTION AND MOTION TO STRIKE THE EVIDENCE
CONTAINED IN AND REFERRED TO IN DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT, WITH PREJUDICE

The Plaintiff, RICHARD CLYDE ALTHOUSE, Pro Se, and pursuant to Federal Rules of Civil Procedure 56(2), does hereby file this Objection and Motion to Strike the Evidence cited to support or dispute a fact as the evidence cannot be presented in a form that would be admissible in evidence, specifically, the affidavit and photographs attached to the affidavit. In support of this motion, Plaintiff states the following:

Defendant's Statement of Facts contains ten paragraphs. Paragraph number 8 gives alleged examples of security problems related to incoming mail. The examples are an exact duplicate of the affidavit of MICHELLE DeLAURA, Section Manager of the property section in the Inmate Management Division of the Palm Beach County Sheriff's Office. Defendant uses the affidavit as an exhibit and evidence in support of its Statement of Facts for paragraphs 2, 3, 4, 5, 6, 7, 8, and 9.

The affidavit should be struck from being considered as evidence and exhibits as the affidavit cannot be presented in a form that would be admissible as evidence.

1

1. The affidavit of Ms. DeLAURA is vague, indistinct, doesn't descend to any specifics or particulars and is not based on first hand involvement, only hearsay.

2. Not a single example contained in her affidavit provides a case number for the alleged contraband supposedly discovered inside of incoming enveloped mail.

3. Not a single example contained in her affidavit contains the name of the staff member who allegedly discovered contraband supposedly found inside of incoming enveloped mail, nor affidavit for the example.

4. None of the examples have MICHELLE DeLAURA named as the person who discovered any of the alleged contraband supposedly found in mail.

5. Attached to the affidavit are 17 pages with colored photographs of various items which appear to be mainly envelopes and greeting cards, along with greenish and brownish sandy and leafy substances.

6. The photos lack any authentication. Three of the pages of photographs do not list a date, time, case number or who exposed the photographs.

7. The other 14 photographs have a case number, and a date on them, along with the name of the person who supposedly exposed the photograph, however, none of the names on the photographs are the affiant MICHELLE DeLAURA.

8. As none of the examples in the affidavit contain case numbers, there is no way to match the photographs with the examples in the affidavit, or know if they are related.

9. None of the photographs have an affidavit of the person who exposed the photograph, or a report to compare, nor support and substantiate the photographs.

All of the information contained in MICHELLE DeLAURA's affidavit is hearsay and does not provide any specifics, authentication of examples, nor does it

descend to any particulars and would not be allowed to be admitted as evidence at trial, and should not be considered by this court in considering Defendant's Motion for Summary Judgment.

WHEREFORE, for all of the reasons stated above and required by the Federal Rules of Evidence, Plaintiff moves this Court to grant this Motion to Strike the entire Affidavit of MICHELLE DeLAURA in its entirety, in and of itself, and as used in paragraphs numbered 2, 3, 4, 5,6, 7, 8, and 9 in Defendant's Statement of Facts, with prejudice.

_____
RICHARD CLYDE ALTHOUSE, Pro Se
505 ½ Plymouth Road
West Palm Beach, Florida 33405

### CERTIFICATE OF SERVICE

I do hereby certify that a copy of this motion has been delivered by US Mail to Mr. RICHARD A. GIUFFREDA, Esquire, of PURDY, JOLLY, GIUFFREDA & BARRANCO, P.A., on the 5th day of November, 2012.