**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

**Case No. 9:12-cv-80135-Marra/Vitunac**

RICHARD CLYDE ALTHOUSE,

       Plaintiff,

vs.

PALM BEACH COUNTY SHERIFF'S
OFFICE,

       Defendant.
_____/

### DEFENDANT SHERIFF'S RESPONSE TO PLAINTIFF'S OBJECTION AND MOTION TO STRIKE EVIDENCE [DE 27]

COMES NOW the Defendant PALM BEACH COUNTY SHERIFF'S OFFICE (Ric L. Bradshaw, in his official capacity as Sheriff of Palm Beach County, Florida), by and through undersigned counsel, hereby files this his response to the Plaintiff's Objection and Motion to Strike Evidence [DE 27], and in support thereof would state as follows:

The Plaintiff's Objection and Motion to Strike contains no memorandum of law in support of the motion. For the following reasons the Plaintiff's objection should be overruled and the Motion to Strike the Defendant's evidence in support of the Defendant's Motion for Summary Judgment should be denied.

The Defendant's Motion for Summary Judgment contains four exhibits consisting of Exhibit A, B, C and D. Exhibits A, C and D are copies of relevant, official policies of the Sheriff of Palm Beach County applicable to the operation of the Palm Beach County Jail.

1

As such, they are business records. Exhibit B is the Affidavit of Michelle DeLaura, which consists of both testimonial evidence and documentary evidence in the form of numerous photographs which Ms. DeLaura has identified and described as being photographs of contraband found in envelopes entering the jail prior to implementation of the postcard only policy. These photographs in turn identify the employee who took the photographs and the date and time the photographs were taken, in addition to providing a corrections incident number.

Rule 56(c)(4) requires that affidavits be based on personal knowledge, set forth admissible facts, and demonstrate that the affiant is competent to testify. Argo v. Blue Cross & Blue Shield of KN., Inc., 452 F.3d 1193, 1199-1200 (10th Cir. 2006); Drake v. 3M, 134 F.3d 878, 887 (7th Cir. 1998); and Security Ins., Co. v. Old Dominion Freight Line, Inc., 391 F.3d 77, 83-86 (2nd Cir. 2004). Further, Rule 56 merely requires that the evidence submitted be presented in a form that demonstrates that the evidence is capable of being admissible in court. Woods v. City of Chicago, 234 F.3d 979, 987-89 (7th Cir. 2000) [arrest reports and misdemeanor complaint documents admissible as business records even if not authenticated by affidavit]; Land v. Midwest Office Tech., Inc., 114 F.Supp.2d 1121, 1137 (D. Kan. 2000) [written statements under oath admissible]. In addition, generally speaking, affidavits as well as other evidentiary materials filed in support of a motion for summary judgment can be considered exceptions to the hearsay rule under evidence rule 802. In that sense, hearsay exceptions apply to statements made in affidavits or as it would relate to evidence submitted and they need only be admissible or potentially admissible in evidence. Moore's Federal Rules Pamphlet Part 1: Federal Rules of Civil Procedure 2012, § 56.5[4] and Moore's Federal Rules Pamphlet Part 2: Federal Rules of Evidence 2012,

Rule 802, Section 802.4[1] Original Advisory Committee Notes.  See also United States v. Lawrence, 276 F.3d 193, 196-197 (5th Cir. 2001) [admissibility of business records proper under evidence rule 803(6)] and Woods, supra at 986-987 [statements offered for some reason other than the truth of the matter asserted are not hearsay and need not fall within an exception to the hearsay rule].

The Defendant's evidence satisfies each of these requirements, including Exhibit B, the Affidavit of Michelle DeLaura.  Ms. DeLaura's Affidavit, in the opening sentence, clearly indicates that she is providing her testimony under oath and based upon personal knowledge.  Specifically, the Affidavit of Michelle DeLaura establishes that she is testifying, and therefore offering testimonial evidence, as an employee of the Palm Beach County Sheriff's Office, so employed for twenty-six (26) years.  As established by the Affidavit, Ms. DeLaura is the Section Manager of the Inmate Management Division of the Palm Beach County Sheriff's Office and has served in that position for some twenty (20) years.  Ms. DeLaura manages a staff consisting of four (4) supervisors and thirty-two (32) subordinates and as such is the manager of the section which processes inmate incoming and outgoing mail, including privileged mail correspondence.  Ms. DeLaura's Affidavit, as the manager of this division for some twenty (20) years, clearly demonstrates her competence to so testify, and explains the method in which the section processes the mail throughout her Affidavit.  Her Affidavit includes statistical information regarding the number of inmates housed in the jail and the amount of inmate mail processed for the years 2008, 2009, 2010 and 2011.  Furthermore, her Affidavit provides competent testimony, which is readily apparent from the four corners of her Affidavit, based upon her qualifications and experience as the manager of the unit that processes inmate mail, indicating that the

implementation of the postcard only policy represents an attempt to address the daily concerns regarding receiving potentially dangerous and hazardous materials in the mail through the use of an envelope.  Ms. DeLaura also testifies, based upon personal knowledge, that since the implementation of the postcard only policy the number of incidents involving attempts to introduce contraband has greatly diminished.  Furthermore, on page 4 of Ms. DeLaura's Affidavit, she establishes that she has reviewed records which are regularly generated and maintained by jail staff regarding numerous examples of security problems that have related to the processing of incoming mail, as the supervisor of the section unit that processes the incoming mail.  This testimony is admissible under Rule 803(6) Business Records Exception and potentially Rule 803(8) Public Records Exception to the Hearsay Rule.

    Furthermore, the Defendant does not necessarily have to prove that the contraband items identified were in fact drugs as opposed to counterfeit drug materials in order to demonstrate that the policy is reasonably related to a legitimate penological interest.  In that sense the Defendant does not have to prove the truth of the matter asserted, namely that the substances are in fact illegal substances.  Even if counterfeit substances are attempted to be introduced by way of an envelope in the mail, the effort required to open and inspect each of these envelopes and discover such counterfeit substances, logically, disrupts the orderly operation of the corrections facility.  Finally, Ms. DeLaura, as the section manager of the unit that processes all incoming mail, has testified that she attached photographs of some of the contraband items that were discovered in the unit over which she is the supervisor, prior to implementation of the postcard only policy.  These photographs, as stated, contain pertinent information regarding the identity of the

photographer, the date on which the photograph was taken, and the corrections case number associated with the incident.  This testimony satisfies the predicate that the photographs accurately depict the scene which they represent, namely photographs of envelopes containing contraband or potential contraband items, which in turn is certainly relevant to the issues raised by way of the Plaintiff's operative Complaint.  It is not necessary that the actual photographer testify in order for a photograph to be admissible in court.

For the reasons set forth herein, this Court should overrule the Plaintiff's objection and deny the Plaintiff's Motion to Strike the Defendant's evidence submitted in support of the Defendant's Motion for Summary Judgment as it is apparent from the record that the evidence submitted is either admissible or is capable of being admissible during trial of this matter.

**I HEREBY CERTIFY** that I have electronically filed a copy of the forgoing with the Clerk of the Court by using the CM/ECF system, and that a copy of the foregoing has been furnished by U.S. mail to **RICHARD CLYDE ALTHOUSE, Pro Se Plaintiff**, 505 ½ Plymouth Road, West Palm Beach, Florida 33405 this  **16th**  day of November, 2012.

    *s/Richard A. Giuffreda*
RICHARD A. GIUFFREDA, ESQUIRE
Fla. Bar No. 705233
PURDY, JOLLY, GIUFFREDA & BARRANCO, P.A.
2455 E. Sunrise Boulevard, Suite 1216
Fort Lauderdale, Florida  33304
Telephone:   (954) 462-3200
Facsimile:    (954) 462-3861
e-mail:         richard@purdylaw.com
Attorney for *Defendant SHERIFF*
Trial Counsel