# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION

## Case No. 9:12-cv-80135-Marra/Vitunac

RICHARD CLYDE ALTHOUSE,

      Plaintiff,

vs.

PALM BEACH COUNTY SHERIFF'S
OFFICE,

      Defendant.

_____/

## DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION
## FOR SUMMARY JUDGMENT[1]

The Defendant PALM BEACH COUNTY SHERIFF'S OFFICE (Ric L. Bradshaw, in his official capacity as Sheriff of Palm Beach County, Florida), by and through undersigned counsel, hereby files this his Reply in Support of his Motion for Summary Judgment, and would state as follows:

The undisputed material facts support a finding that the Sheriff's incoming postcard only mail policy is reasonably related to a legitimate penological interest. Specifically, the elimination of the use of an envelope for general incoming mail for the purpose of sending written correspondence into the jail through implementation of the postcard only policy is reasonably related to a legitimate penological interest, as it is the envelope, and the increased content material that can be contained within an envelope that facilitate's the

---

[1]The Defendant adopts as if fully set forth herein the Defendant's Response to Plaintiff's Objection and Motion to Strike Evidence. [DE 29]

potential for the introduction into the jail by mail of contraband materials.  In addition, the postcard only policy makes it easier to inspect incoming, non-privileged mail for contraband, escape plans, or code as the written word is open and obvious upon the surface of the postcard and, obviously, is not contained within an envelope.  Furthermore, a postcard cannot be modified as easily as an envelope or the contents of an envelope for the purpose of attempting to secrete contraband materials or items.

The Plaintiff's operative Complaint does not complain about the color of ink that is to be used when communicating in writing upon a postcard or the fact that the postcards cannot consist of drawings, designs or photographs.  Rather, the focus of the Plaintiff's Complaint is on his claim that his right to communicate in writing with inmates in the Palm Beach County Jail is being violated through implementation of the postcard only policy.  Although artwork and photographs, generally speaking, certainly are forms of communication, an inmate incarcerated in a corrections facility has no constitutional right to possess photographs in an unlimited manner or to possess artwork, particularly in the form of a postcard.  Furthermore, the Sheriff's policy clearly indicates that postcards will be accepted to the extent they are approved by the United States Postal Service and are otherwise in compliance with the policy which does restrict the type and size of the postcard as well as the color of the ink used to write the written message. The fact that the United States Postal Service may attempt to deliver postcards which do not fit within the confines of the policy, does not render the limitation on the nature of the postcard permissible under the policy unconstitutional in as much as the United States Postal Service will also deliver the permitted type of postcard.  Plaintiff has filed the Declaration of Kim R. Van Court who claims to be a letter carrier for the United States Postal Service.  Ms. Van Court's

declaration establishes that the two example items of mail rejected by the jail and marked "return to sender/writer" were not postcards.  One item was an index card while the other item consisted of a lined postcard.  The Plaintiff's response and Ms. Van Court's declaration do not indicate what authority Ms. Van Court had as a United States letter carrier to provide the Plaintiff with someone else's United States mail that was to be delivered "return to sender/writer".  Apparently Ms. Van Court diverted United States mail addressed to James Chaffee, as the sender, and Victoria Nastasi, as the sender, to be used by the Plaintiff in this case, or photocopies of the mail.  In either case, this evidence is not material to the issues raised in the Defendant's Motion for Summary Judgment.

In Mauro v. Arpaio, 188 F.3d 1054, 1060 (9th Cir. 1999), the court, when applying the rational relationship test to a corrections policy, noted the following: "To show a rational relationship between a regulation and a legitimate penological interest, prison officials need not prove that the banned material actually caused problems in the past, or that the materials are 'likely' to cause problems in the future.  *See Thornburgh*, 490 U.S. at 417, 109 S.Ct. 1874; *Casey*, 4 F.3d at 1521.  Moreover, it 'does not matter whether we agree with' the defendants or whether the policy 'in fact advances' the jail's legitimate interests. *See Amatel*, 156 F.3d at 199.  The only question that we must answer is whether the defendant's judgment was 'rational' that is, whether the defendant's might reasonably have thought that the policy would advance its interests. *See id.*"  Consequently, the constitutional test applicable in this case does not require the Defendant Sheriff to knock down every conceivable, possible method of addressing a legitimate penological interest or concern, particularly a security concern which is posed by the potential introduction of contraband into the jail facility by way of incoming mail before taking some rational steps

3

to address the concern.  Rather, the issue is whether the method that the Sheriff has selected to address this legitimate penological interest and security concern is reasonable or rational.  It is the Defendant's position that the undisputed material facts demonstrate that the policy is in fact constitutional.  Furthermore, it is arguable that the Sheriff does not have to introduce evidence of actual incidents involving the introduction of contraband into the jail by way of incoming mail as at least two courts in Florida have found, without evidentiary support, that similar postcard only policies were constitutional because they were reasonably related to a legitimate penological interest.  See Ditullio v. Bob White, et.al., Case No. 8:10-cv-294-T-26-AEP, United States District Court, Middle District of Florida, Tampa Division, 2010 and Gambuzza v. Parmenter, et.al., Case No. 8:09-cv-1891-T-17-TBM, United States District Court, Middle District of Florida, Tampa Division, 2010.

The Defendant's policy is constitutional because the undisputed material facts demonstrate that the policy is reasonably related to a legitimate penological interest, namely the security concerns that are posed by the possibility that contraband can be introduced into the jail by way of incoming mail through the use of an envelope and the increased contents that an envelope offers to someone intending to so introduce contraband into the jail facility.  Common sense dictates that processing incoming postcards is easier and simpler and is a medium which is less likely to enable someone to introduce or attempt to introduce contraband into the facility because of the lack of an envelope and multiple layers of paper.  Likewise, the policy is constitutional, based upon the undisputed material facts, as the United States Postal Service will deliver post cards to the jail in a form consistent with the policy, and where these postcards provide an opportunity for persons such as the Plaintiff to communicate in writing with inmates in the

4

Palm Beach County Jail in an effective manner, and in light of the jail's legitimate security concerns.

Finally, the Defendant submits with this reply, pursuant to Federal Rule of Civil Procedure 56(e)(1), the Defendant's Notice of Service of Defendant's Supplemental Response to Plaintiff's Interrogatory Number 1, Pursuant to Court Order [DE 22], dated October 24, 2012, including documents Bates Stamped PJGB 1 through PJGB 161.

The Defendant's Motion for Summary Judgment should be granted.


**I HEREBY CERTIFY** that I have electronically filed a copy of the forgoing with the Clerk of the Court by using the CM/ECF system, and that a copy of the foregoing has been furnished by U.S. mail to **RICHARD CLYDE ALTHOUSE, Pro Se Plaintiff**, 505 ½ Plymouth Road, West Palm Beach, Florida 33405 this  **16th**  day of November, 2012.


_____*s/Richard A. Giuffreda*_____
RICHARD A. GIUFFREDA, ESQUIRE
Fla. Bar No. 705233
PURDY, JOLLY, GIUFFREDA & BARRANCO, P.A.
2455 E. Sunrise Boulevard, Suite 1216
Fort Lauderdale, Florida  33304
Telephone:   (954) 462-3200
Facsimile:     (954) 462-3861
e-mail:         richard@purdylaw.com
Attorney for *Defendant SHERIFF*
Trial Counsel