UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 9:12-cv-80135-Marra/Vitunac

RICHARD CLYDE ALTHOUSE,

    Plaintiff,

vs.

PALM BEACH COUNTY SHERIFF'S
OFFICE,

    Defendant.
_____/

## DEFENDANT'S MOTION TO BE EXCUSED FROM MEDIATION

The Defendant, PALM BEACH COUNTY SHERIFF'S OFFICE (Ric L. Bradshaw, in his official capacity as Sheriff of Palm Beach County, Florida), by and through undersigned counsel, hereby files this his Motion to be Excused from Mediation, pursuant to Local Rule 16.2(d)(4), and would state as follows:

Plaintiff is proceeding pro se and is challenging the constitutionality of the Defendant Sheriff's inmate mail policy which restricts incoming general mail to the use of a postcard. Therein, Plaintiff seeks only declaratory and injunctive relief and otherwise is not seeking monetary damages. Further, the parties did not demand trial by jury, consequently this matter will be tried as a bench trial. [DE 1, Exh. "A"].

This matter has progressed to the summary judgment stage of the proceedings. In that regard, the Defendant has filed a Motion for Summary Judgment to which the Plaintiff has filed a response and to which the Defendant has filed a reply. [DE Nos. 25, 27, 30]. In

1

addition, the Plaintiff filed an Objection and Motion to Strike evidence related to the summary judgment motion [DE 27] to which the Defendant filed a response [DE 29].

The Defendant, through undersigned counsel, and the Plaintiff, Richard Clyde Althouse, pro se, filed a Joint Scheduling Report of Scheduling Conference and Discovery Report which was filed on March 13, 2012. [DE 7].  Therein the Plaintiff and the Defendant indicated in paragraph A) as follows: "The Plaintiff is not seeking monetary damages thus mediation would not be beneficial.  Plaintiff seeks repeal of the Sheriff's postcard only policy."

This Court issued its Order Setting Trial Date & Discovery Deadlines, Referring Case to Mediation & Referring Discovery Motions to United States Magistrate Judge on March 14, 2012. [DE 8].  Therein the Court ordered that the case be referred to mediation in accordance with Local Rule 16.2.  In accordance with that Order, the deadline to complete mediation would be January 21, 2013.

As stated herein, the Plaintiff is proceeding pro se and is not seeking monetary damages or a trial by jury regarding the constitutionality of the Sheriff's incoming postcard only general mail policy, which is applicable to the Palm Beach County Jail system. Rather, the only relief the Plaintiff seeks is repeal of the Sheriff's postcard only policy.  The Defendant has proceeded to defend the constitutionality of the policy through the summary judgment stage of these proceedings, consequently resolution of this matter at mediation is not possible due to the fact that the only relief the Plaintiff seeks is the repeal of the policy.  Therefore, this case is not suitable for mediation and the parties should not be required to bear the expense of attending mediation in this matter.  In addition, Plaintiff, who is pro se, has not taken any steps toward coordinating a mediation conference.

WHEREFORE, the Defendant PALM BEACH COUNTY SHERIFF'S OFFICE (Ric L. Bradshaw, in his official capacity as Sheriff of Palm Beach County, Florida), respectfully requests this Honorable Court to grant the relief sought herein and excuse the parties from attending mediation of this matter.

## MEMORANDUM OF LAW

Local Rule 16.2(d)(4) reads as follows:

> "(4) *Withdrawal From Mediation.* Any civil action or claim referred to mediation pursuant to this rule may be exempt or withdrawn from mediation by the presiding Judge at any time, before or after reference, upon application of a party and/or determination for any reason that the case is not suitable for mediation."

As stated, the Plaintiff is proceeding prose and is not seeking monetary damages. In addition, the parties did not demand trial by jury. Consequently this matter would be tried, if tried, as a bench trial. Given that circumstance, and the fact that the matter has proceeded to the summary judgment stage of the litigation, it is likely that the question of the constitutionality of the Sheriff's postcard only inmate mail policy will be resolved by the Court on the Defendant's Motion for Summary Judgment, one way or the other. As the parties recited in their Scheduling Report [DE 7], the parties do not believe that mediation in this case will be beneficial in as much as the Plaintiff seeks repeal of the Sheriff's policy, which the Sheriff is not inclined to repeal. Therefore, the Defendant respectfully suggests that this matter is not suitable for mediation and, in accordance with the terms of Local Rule 16.2(d)(4), respectfully suggests that the Court should enter an Order withdrawing this matter from mediation.

## **LOCAL RULE 7.1(a)(3) STATEMENT**

As recited by the parties in their Joint Scheduling Report of Scheduling Conference and Discovery Report [DE 7], the parties suggested to the Court that mediation would not be beneficial based upon the fact that the Plaintiff is not seeking monetary damages and rather is only seeking repeal of the Sheriff's postcard only policy.

**I HEREBY CERTIFY** that I have electronically filed a copy of the forgoing with the Clerk of the Court by using the CM/ECF system, and that a copy of the foregoing has been furnished by U.S. mail to **RICHARD CLYDE ALTHOUSE, Pro Se Plaintiff**, 505 ½ Plymouth Road, West Palm Beach, Florida 33405 this __**6th**__ day of December, 2012.

    *s/Richard A. Giuffreda*
RICHARD A. GIUFFREDA, ESQUIRE
Fla. Bar No. 705233
PURDY, JOLLY, GIUFFREDA & BARRANCO, P.A.
2455 E. Sunrise Boulevard, Suite 1216
Fort Lauderdale, Florida  33304
Telephone:   (954) 462-3200
Facsimile:     (954) 462-3861
e-mail:          richard@purdylaw.com
Attorney for *Defendant SHERIFF*
Trial Counsel